UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANA LYNCH,

        Plaintiff,

v.

PRE-TRIAL PROCESSING and
DYNAMIC PACKET, CORP.,

        Defendants.

_____/

COMPLAINT

## I.    Introduction

1.    This is an action for damages brought against debt collectors for violating the

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

2.    Defendants, along with other entities to be identified in discovery, are involved in

a fraudulent and ongoing scheme whereby they have conspired to use false representations and

threats to coerce the payment of money from consumers across the country who allegedly have

failed to repay payday loans.  This scheme, operated by defendants as well as many other entities

located in and around Buffalo, New York, and elsewhere, is based on the use of a script,

sometimes known as "The Shakedown" or "The Shake," that includes variations of the

following:  The caller calls from a blocked number or uses a telephone number with the

consumer's area code, pretends to be a local process server, states to the consumer that "charges"

have been filed against the consumer for "breach of contract" or "defrauding a financial

institution" and represents that the caller is attempting to locate and serve the consumer with a

1

summons and complaint that has been filed in court against the consumer. The caller suggests that the charges might not be pursued if the consumer calls a telephone number in the next several hours and arranges to pay money to the fake process server's "client" (which often has a name designed to sound like that of a law firm). Usually, the threatening messages are left indiscriminately (and unlawfully) with the consumer's relatives, employer and other third parties, in order to increase the likelihood of a response. When the consumer responds to the call, the collector (often posing as an attorney or paralegal) accuses the consumer of misdeed, makes false threats of pending litigation (and sometimes prosecution), and demands payment of the alleged debt. Of course, no lawsuit has been filed. Often times the debt is time-barred. Often times, the consumer's account will have been sold and resold to multiple parties, such that the caller no longer owns or otherwise has any right to collect the account. When sued for violating the FDCPA, most of the entities default, accumulate default judgments, and continue to operate under a progression of limited liability companies, with listed "business" addresses that are nothing more than rented private mail boxes.

## II.     Jurisdiction

3.      This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue in this judicial district is proper because the pertinent events took place here.

## III.    Parties

4.      Dana Lynch is an adult, natural person residing in Kent County, Michigan. Ms. Lynch is a "consumer" and "person" as the terms are defined and used in the FDCPA.

5.      Defendant "Pre-Trial Processing" is an entity that uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Pre-Trial

2

Processing regularly collects or attempts to collect, directly or indirectly, debts owed or due or

asserted to be owed or due another.  Pre-Trial Processing is a "debt collector" as the term is

defined and used in the FDCPA.

      6.      During all times pertinent hereto, Pre-Trial Processing directly and indirectly

participated in the unlawful debt collection practices to collect an alleged debt from Ms. Lynch

that are described in this complaint.

      7.      The true and complete name of Pre-Trial Processing, the location of Pre-Trial

Processing, and the names of Pre-Trial Processing's employees and agents who participated in

the unlawful efforts to collect a debt from Ms. Lynch are not yet known and will need to be

ascertained in discovery.

      8.      Defendant Dynamic Packet, Corp. ("DPC") is a Delaware corporation.  The

registered agent for DPC is Business Filings Incorporated, 108 West 13th Street, Wilmington,

Delaware 19801.  DPC purports to be doing business at 40 East Main Street, Suite 4000,

Newark, Delaware 19711, but the address is merely a private mailbox rented by DPC at The UPS

Store No. 2335.  DPC maintains an internet website (www.dynamicpacket.com) which states that

DPC is a Miami, Florida based company that "provides businesses with an easy and cost

effective way to upgrade and outsource their current phone system while leveraging the

tremendous advantages of business quality VoIP services."  DPC maintains various telephone

numbers with Newark, Delaware area codes, including 302-448-2222 and 302-448-2223.  DPC

also maintains a toll free number, 888-929-8647.  DPC uses interstate commerce and the mails in

a business the principal purpose of which is the collection of debts.  DPC regularly collects,

directly or indirectly, debts owed or due or asserted to be owed or due another.  DPC is a "debt

collector" as the term is defined and used in the FDCPA.

9.      During all times pertinent hereto, DPC directly or indirectly participated in the unlawful debt collection practices to collect an alleged debt from Ms. Lynch that are described in this complaint.

10.     DPC provides VoIP services to Pre-Trial Processing and other debt collectors, in order to enable Pre-Trial Processing and other debt collectors to anonymously place telephone calls to consumers for the purpose of extorting money from consumers as described in this complaint.

11.     Alternatively, DPC uses the guise of providing VoIP services to non-existent debt collection entities such as Pre-Trial Processing, and DPC itself places telephone calls to consumers for the purpose of extorting money from consumers as described in this complaint.

12.     DPC has actually knowledge that its telephone numbers are being used to extort money from consumers.

13.     DPC and its managers are knowing and willing participants in the extortionate debt collection practices that are described in this complaint.

14.     DPC and its managers and owners benefit financially through their participation in the extortionate debt collection practices that are described in this complaint.

15.     DPC gives cover to its subscribers by ignoring and refusing to respond to lawful subpoenas issued in federal court commanding DPC to produce information regarding the identity of DPC's subscribers, thereby facilitating the continuation of the extortionate debt collection practices.

16.     A shareholder, owner, officer, member, manager, employee or agent of a

corporate debt collector can be held liable for violating the FDCPA, without piercing the corporate veil, by being directly involved in the day-to-day operation of the company, including the training and managing of employees, reviewing or supervising the review of accounts, materially participating in the activities of the company, supervising collection activities, overseeing compliance with applicable collection laws, ratifying unlawful acts, and the like, for the reason that each such individual is himself a "debt collector" within the statutory definition, namely, each is a "person" in a business, "the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  *See Kistner v. Law Offices of Michael P. Margelefsky, LLC,* 518 F.3d 433, 435-438 (6th Cir. 2008); *Russell v. Goldman Roth Acquisitions, LLC,* 847 F.Supp.2d 994, 1004-06 (W.D.Mich. 2012).

## IV.    Facts

17.    In or about June 2012, plaintiff Dana Lynch allegedly borrowed approximately $400.00 from an internet payday lender.  Any money borrowed by Ms. Lynch was used for personal, family and household purposes.  Any resulting obligation of Ms. Lynch to pay money was a "debt" as the term is defined and used in the FDCPA.

18.    Ms. Lynch allegedly failed to repay the debt.

19.    The original creditor charged off the account and related, alleged debt.

20.    The original creditor sold the account and related, alleged debt to an unknown entity.

21.    An entity claiming to have purchased the account and related, alleged debt placed the account with defendants for collection.  Alternatively, defendants purchased the account and

related, alleged debt.

22.     On April 10, 2015, defendants placed a call from telephone number 216-920-7698 to Ms. Lynch's cellular telephone and left the following pre-recorded, computer-generated message on Ms. Lynch's voice mail: "This is a division of Pre-Trial Processing.  We have received an order for two allegations to be filed against you immediately with the County Clerk's Office, which department will be actively pursuing you at your place of employment and your residence.  You do have the legal right to resolve this case with the plaintiff outside of court. Please understand that once you are located you do forfeit that right.  You can contact our Legal Department at 216-920-7698.  Refer to your Case Number 203326."

23.     On April 15, 2015, defendants placed a call from telephone number 971-404-0845 to Ms. Lynch's cellular telephone and left the following pre-recorded, computer-generated message on Ms. Lynch's voice mail: "This is a division of Pre-Trial Processing.  We have received an order for two allegations to be filed against you immediately with the County Clerk's Office, which department will be actively pursuing you at your place of employment and your residence.  You do have the legal right to resolve this case with the plaintiff outside of court. Please understand that once you are located you do forfeit that right.  You can contact our Legal Department at 971-404-0845.  Refer to your Case Number 203326."

24.     On April 15, 2015, Ms. Lynch placed a call to telephone number to 216-920-7698. The call was answered by defendants' employee and agent with the words "Pre-Trial Processing."  Defendants' employee and agent stated that her name was Danielle and asked Ms. Lynch for her "case number."  Ms. Lynch stated that her case number was 203326.  In the ensuing conversation, defendants' employee and agent made the following representations to Ms.

Lynch:

a)   "We've already made a ruling.  You're being brought up on two allegations.  One is theft by deception.  The other is malicious intent to defraud a financial institution, in reference to an online payday loan."

b)   "My client has requested that we put a wage garnishment on any income coming in under your social security number and they've also requested that we put a suspension on your drivers license until we get this matter resolved."

c)   "You borrowed money in June 2012 from my client."

d)   "We emailed you from Cohen & Phillips which is our firm."

e)   "The name of our client is EPP Financial.  The lender is EPP Processing."

f)   "My client has applied for the suspension of your drivers license."

g)   "You owe $1,840.00.  The balance is $630.00 without interest and collection fees."

h)   I'm going to ask the County Clerk's Office if they will let you settle for $630.00."

i)   "You payment will show up on your monthly credit card bill as 'Core Capital.'  That is our payment processor."

j)   "You can contact us by email at settlementdivision@clerk.com."

25.   Defendants' employee and agent falsely represented and falsely implied to Ms. Lynch that a lawsuit had been filed against Ms. Lynch to collect the alleged debt.

26.   Defendants' employee and agent falsely represented and falsely implied to Ms.

7

Lynch that a lawsuit would be filed against Ms. Lynch to collect the alleged debt.

27.     Defendants' employee and agent falsely represented and falsely implied to Ms. Lynch that Ms. Lunch was "being brought up on two allegations.  One is theft by deception.  The other is malicious intent to defraud a financial institution, in reference to an online payday loan."

28.     Defendants' employee and agent falsely represented and falsely implied to Ms. Lynch that Ms. Lynch had committed a crime.

29.     Defendants' employee and agent falsely represented and falsely implied to Ms. Lynch that Ms. Lynch had been charged with having committed a crime.

30.     Defendants' employee and agent falsely represented and falsely implied to Ms. Lynch that Ms. Lynch was going to be charged with having committed a crime.

31.     Defendants' employee and agent falsely represented and falsely implied to Ms. Lynch that Ms. Lynch was being prosecuted for having committed a crime.

32.     Defendants' employee and agent falsely represented and falsely implied to Ms. Lynch that Ms. Lynch was going to be prosecuted for having committed a crime.

33.     Defendants' employee and agent falsely represented and falsely implied to Ms. Lynch that a wage garnishment had been issued against Ms. Lynch.

34.     Defendants' employee and agent falsely represented and falsely implied to Ms. Lynch that a wage garnishment was going to be issued against Ms. Lynch.

35.     Defendants' employee and agent falsely represented and falsely implied to Ms. Lynch that Ms. Lynch's drivers license had been suspended.

36.     Defendants' employee and agent falsely represented and falsely implied to Ms. Lynch that Ms. Lynch's drivers license would be suspended.

36.     Defendants' employee and agent falsely represented and falsely implied to Ms. Lynch that the name of their company was Cohen & Phillips.

37.     Defendants' employee and agent falsely represented and falsely implied to Ms. Lynch that the name of their company was Pre-Trial Processing.

38.     Defendants' employee and agent falsely represented and falsely implied to Ms. Lynch the name of their company and failed to meaningfully identify themselves.

39.     Defendants' employee and agent falsely represented and falsely implied to Ms. Lynch that defendants represented entities named EPP Financial and EPP Processing.

40.     Defendants' employee and agent falsely represented and falsely implied to Ms. Lynch the amount and character of the alleged debt.

41.     Defendants' employee and agent falsely represented and falsely implied to Ms. Lynch that the "County Clerk's Office" was involved in the collection of the alleged debt.

42.     Defendants' employee and agent falsely represented and falsely implied to Ms. Lynch that the government was involved in the collection of the alleged debt.

43.     Defendants' employee and agent falsely represented and falsely implied to Ms. Lynch that they were attorneys.

44.     Defendants' employee and agent falsely represented and falsely implied to Ms. Lynch that attorneys were involved in the collection of the alleged debt.

45.     Defendants and their employees and agents wrongfully attempted to collect a debt from Ms. Lynch that Ms. Lynch does not owe.

46.     The above-described threats and representations made by Defendants's employees and agents were false and part of a scripted and unlawful debt collection practice that is ongoing

and is currently being perpetrated by defendants to coerce the payment of money from consumers through the use of false threats, intimidation, criminal extortion, and unlawful harassment of the consumers and their relatives and other third parties.

47.     Defendants and its employees and agents in the course of their unlawful efforts to collect alleged debts from Ms. Lynch and other consumers have used multiple telephone numbers, including 216-920-7698,  971-404-0845 and many others.

48.     Telephone numbers 216-920-7698,  971-404-0845 and many of the other telephone numbers used by defendants and their employees and agents in their efforts to extort money from Ms. Lynch and other consumers are registered to an entity named Bandwidth.com, Inc. ("Bandwidth").

49.     According to Bandwidth, telephone numbers 216-920-7698,  971-404-0845 and many of the other telephone numbers used by defendants and their employees and agents in their efforts to extort money from Ms. Lynch and other consumers have been assigned by Bandwidth to Bandwidth's customer, defendant DPC.

50.     On May 5, 2015, a subpoena was issued by plaintiff's counsel in another lawsuit pending in the United States District Court for the Western District of Michigan, Patricia Brown v. American Mutual Holdings Inc. et al., Case No. 1:13-cv-1072, commanding DPC to produce to plaintiff's counsel on or before May 19, 2015, DPC's subscriber information for telephone number 216-920-7698.

51.     On May 5, 2015, plaintiff's counsel emailed a courtesy copy of the subpoena to DPC at legal@dynamicpacket.com.

52.     On May 11, 2015, the subpoena was served on DPC's registered agent, Business

10

Filings Inc., 108 West 13th Street, Wilmington, Delaware 19801.

53.     DPC failed to timely respond to the subpoena and no objection to the subpoena
was filed by any entity in the underlying lawsuit.

54.     After May 19, 2015, plaintiff's counsel spoke multiple times and multiple days to
DPC employees and demanded that DPC comply with the subpoena.  On at least two occasions,
plaintiff's counsel was transferred to the DPC "Legal Department" and left messages on voice
mail.  On at least two occasions, plaintiff's counsel spoke with DPC employees and warned that
if DPC did not respond to the subpoena, it would be assumed that DPC was responsible for
making the telephone calls to consumers.  DPC refused to provide any information in response to
the subpoena.  DPC refused to provide any explanation regarding why DPC would not respond to
the subpoena.

55.     DPC has directly and indirectly participated in the described efforts to collect the
alleged debt from Ms. Lynch by providing telephone numbers to other entities, in order to allow
those entities to anonymously place telephone calls to Ms. Lynch and other consumers across the
country for the purpose of extorting money as described in this complaint.

56.     Alternatively, DPC has directly and indirectly participated in the described efforts
to collect debts, by themselves using the described telephone numbers to anonymously place
telephone calls to Ms. Lynch and other consumers across the country for the purpose of extorting
money as described in this complaint.

57.     An entity that itself meets the definition of debt collector is liable for the unlawful
collection activities carried out by another debt collector on its behalf.  *See, e.g., Pollice v. Nat'l
Tax Funding, L.P.,* 225 F.3d 379, 404 (3rd Cir. 2000).  DPC is liable for the unlawful acts of the

Pre-Trial Processing and its employees and agents.

58.     The FDCPA states that it is unlawful for a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any debt.  15 U.S.C. § 1692d.

59.     The FDCPA states that it is unlawful for a debt collector to use criminal means to harm the reputation of any person.  15 U.S.C. § 1692d(1).

60.     The FDCPA states that it is unlawful for a debt collector to place a telephone call without meaningful disclosure of the caller's identity.  15 U.S.C. § 1692d(6).

61.     The FDCPA states that it is unlawful for a debt collector to make any false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State.  15 U.S.C. § 1692e(1).

62.     The FDCPA states that it is unlawful for a debt collector to make any false representation regarding the character, amount, or legal status of any debt.  15 U.S.C. § 1692e(2)(A).

63.     The FDCPA states that it is unlawful for a debt collector to make any false representation regarding the compensation which may be lawfully received by any debt collector for the collection of any debt.  15 U.S.C. § 1692e(2)(B).

64.     The FDCPA states that it is unlawful for a debt collector to falsely represent or imply that any individual is an attorney or that any communication is from any attorney.  15 U.S.C. § 1692e(3).

65.     The FDCPA states that it is unlawful for a debt collector to falsely represent or imply that nonpayment of any debt will result in the arrest or imprisonment of any person or the

12

seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action. 15 U.S.C. § 1692e(4).

66.     The FDCPA states that it is unlawful for a debt collector to threaten to take any action that cannot legally be taken or that is not intended to be taken. 15 U.S.C. § 1692e(5).

67.     The FDCPA states that it is unlawful for a debt collector to falsely represent or imply that a sale, referral, or other transfer of any interest in a debt shall cause the consumer to lose any claim or defense to the payment of the debt. 15 U.S.C. § 1692e(6)(A).

68.     The FDCPA states that it is unlawful for a debt collector to falsely represent or imply that a sale, referral, or other transfer of any interest in a debt shall cause the consumer to become subject to any practice prohibited by the FDCPA. 15 U.S.C. § 1692e(6)(B).

69.     The FDCPA states that it is unlawful for a debt collector to falsely represent or imply that the consumer committed a crime or other conduct in order to disgrace the consumer. 15 U.S.C. § 1692e(7).

70.     The FDCPA states that it is unlawful for a debt collector to communicate to any person credit information which is known or which should be known to be false. 15 U.S.C. § 1692e(8).

71.     The FDCPA states that it is unlawful for a debt collector to use any false representation or deceptive means to collect or attempt to collect any debt. 15 U.S.C. § 1692e(10).

72.     The FDCPA states that it is unlawful for a debt collector to communicate in a communication with a consumer to fail to disclose that the communication is from a debt

collector.  15 U.S.C. § 1692e(11).

73.     The FDCPA states that it is unlawful for a debt collector to falsely represent or imply that documents are legal process.  15 U.S.C. § 1692e(13).

74.     The FDCPA states that it is unlawful for a debt collector to use any business, company, or organization name other than the true name of the debt collector's business, company, or organization.  15 U.S.C. § 1692e(14).

75.     The FDCPA states that it is unlawful for a debt collector to use unfair or unconscionable means to collect or attempt to collect any debt.  15 U.S.C. § 1692f.

76.     The FDCPA states that it is unlawful for a debt collector to collect any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.  15 U.S.C. § 1692f(1).

77.     Defendants and their employees and/or agents have violated the FDCPA, 15 U.S.C. §§ 1692d, 1692d(1) and (6), 1692e, 1692e(1), (2)(A), (2)(B), (3), (4), (5), (6)(A), (6)(B), (7), (8), (10), (11), (13) and (14), and 1692f and 169f(1).

78.     Defendants and their employees and agents falsely accused Ms. Lynch of having committing a crime.  Ms. Lynch's refusal to pay the alleged debt was not commit a crime under Michigan law because the Michigan Deferred Presentment Service Transactions Act, which regulates payday lending in Michigan, expressly states that the borrower in a payday loan transaction "is not subject to any criminal penalty in the event the drawer's check is dishonored." M.C.L. § 487.2158(4).

79.     Morever, M.C.L. § 750.213 states in pertinent part:

Sec. 213.  MALICIOUS THREATS TO EXTORT MONEY – Any person who shall,

either orally or by a written or printed communication, maliciously threaten to accuse

another of any crime or offense . . .  with intent to extort money or any pecuniary

advantage whatever . . . shall be guilty of a felony, punishable by imprisonment in the

state prison not more than 20 years or by a fine of not more than 10,000 dollars.

Collection of a valid, enforceable debt does not permit malicious threats of injury if payment is

not made.  *People v. Maranian*, 359 Mich. 361 (1960).

80.     Defendants and their employees and agents attempted to criminally extort money

from Ms. Lynch and violated M.C.L. § 750.213.

81.     The acts and omissions of defendants and their employees and agents, done in

connection with efforts to collect the alleged debt from Ms. Lynch, were done intentionally and

wilfully.

82.      Defendants and their employees and agents wilfully violated the FDCPA.

83.     Defendants failed to send Ms. Lynch a timely and written notice containing the

information required by the FDCPA, 15 U.S.C. § 1692g(a).

84.     The FDCPA states in part, "It is the purpose of this subchapter to eliminate

abusive debt collection practices by debt collectors" and "to insure that those debt collectors who

refrain from using abusive debt collection practices are not competitively disadvantaged."  15

U.S.C. § 1692(e).

85.     Defendants, to increase their business and profits, have knowingly chosen to use

debt collection practices that violate the FDCPA, to the competitive disadvantage of those debt

collectors who have chosen to abide by the law and refrain from using those same unlawful debt

collection practices.

86.     As an actual and proximate result of the acts and omissions of defendants and their employees and agents, plaintiff has suffered actual damages and injury, including but not limited to, monetary loss, fear, stress, mental anguish, emotional stress, acute embarrassment, anxiety, loss of sleep, and suffering, for which she should be compensated in an amount to be established by jury and at trial.

**V.     Claims for Relief**

### Count 1 – Fair Debt Collection Practices Act

87.     Plaintiff incorporates the foregoing paragraphs by reference.

88.     Defendants have violated the FDCPA.  Defendants' violations of the FDCPA include, but are not necessarily limited to, the following:

a)     Each defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

b)     Each defendants violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt;

c)     Each defendants violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt from plaintiff; and

d)     Each defendants violated 15 U.S.C. § 1692g.

**Wherefore,** plaintiff seeks judgment against defendants for:

a)     Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b)     Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c)      Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d)      Such further relief as the court deems just and proper.


**Demand for Trial by Jury**

Plaintiff demands trial by jury.

Dated: June 5, 2015                          /s/ Phillip C. Rogers
                                             Phillip C. Rogers (P34356)
                                             Attorney for Plaintiff
                                             40 Pearl Street, N.W., Suite 336
                                             Grand Rapids, Michigan 49503-3026
                                             (616) 776-1176
                                             ConsumerLawyer@aol.com